UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                       Case No. 11-30583

Danny Stokes,                      Honorable Sean F. Cox

    Defendant.
_____/

## ORDER GRANTING GOVERNMENT'S APPEAL
## OF MAGISTRATE JUDGE'S ORDER FOR BOND
## AND ORDERING DEFENDANT DETAINED PENDING TRIAL

In this action, Defendant Danny Stokes ("Defendant") is charged with: 1) possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and 2) possession of a weapon during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

After a detention hearing before Magistrate Judge Laurie Michelson on November 8, 2011, Magistrate Judge Michelson issued an order releasing Defendant on an unsecured bond and imposing various conditions. The Government now appeals that ruling, pursuant to 18 U.S.C. § 3145(a).

It is undisputed that this is a "presumption case" (i.e., that there is a rebuttable presumption under § 3142 that no condition or combination of conditions will reasonably assure the safety of any other person and the community).

As stated on the record on November 8, 2011, both parties declined the opportunity to present evidence to this Court. Rather, both parties asked this Court to review the recording of the detention hearing before the magistrate judge and base its ruling upon the evidence presented during that hearing.

Having reviewed the testimony and information submitted at the November 8, 2011 detention hearing, the pretrial services report, and having considered the factors in § 3142(g), this Court concludes that Defendant has not rebutted the presumption that no condition or combination of conditions will reasonably assure the safety of the community.

The Court concludes that the Government has established by a preponderance of the evidence that Defendant's release on bond would pose a serious risk of flight. In regard to whether any conditions will reasonably assure Defendant's appearance, the Court notes that Defendant has a history of not complying with court ordered supervision. Defendant was sentenced to probation following a juvenile conviction but, on September 3, 2010, Defendant violated probation by not reporting as directed. The Defendant also reports that he has lived at several different residences during the past few years and, during some time periods, has been homeless. Defendant is unemployed, admits to both drug and alcohol use, and has weak ties to the community.

The Court also concludes that the Government has established by clear and convincing evidence that Defendant's release would pose a danger to the others and the community. On the issue of potential danger to others or the community which would be posed by Defendant's release, the record shows that Defendant, who is now 18, has a criminal record, with several juvenile arrests beginning in 2006. His record includes a felony conviction on a weapons charge.

The current charges against Defendant are serious and also include a weapons charge. The evidence presented at the hearing reflects that on October 2, 2011, the police were called to the home of Defendant's Aunt on Avery Street in Detroit, Michigan. Witnesses at the scene advised the responding officers that Defendant struck his aunt and then fled the residence. They

also advised that Defendant left the residence with a handgun concealed in a backpack.

The officers then searched the area for Defendant. Upon checking a nearby party store, the officers were approached by a woman who advised the officers that she had been threatened by an individual matching Defendant's description, who told her he would go into his backpack and "pop her."

The officers continued the search and located Defendant in the area, carrying a backpack, which contained a .38 caliber revolver and 166 bags containing marijuana.

The record also reflects that Defendant has recently been diagnosed with both bipolar disorder and schizophrenia and Defendant reports that he takes the medication he has been prescribed "as needed."

Accordingly, the Court finds that the Government has sustained its burden of establishing by a preponderance of the evidence that Defendant's release on bond would pose a serious risk of flight and, by clear and convincing evidence, that Defendant's release would pose a danger to the community. IT IS ORDERED that the Government's appeal is GRANTED and Defendant is remanded to the custody of the United States Marshals to be held pending trial.

                                                S/Sean F. Cox
                                                Sean F. Cox
                                                United States District Judge

Dated: November 9, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 9, 2011, by electronic and/or ordinary mail.

                                                S/Jennifer Hernandez
                                                Case Manager